IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**MELVIN PETERS,**

    **Movant,**

v.                                                                    **Case No. 2:20-cv-00802**
                                                                         **Case No. 2:19-cr-00166-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 38). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 41). Having determined from a thorough review of the record that Movant clearly is not entitled to relief under 28 U.S.C. § 2255, the undersigned **FINDS** no basis for an evidentiary hearing. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED,** and this civil action be **DISMISSED, with prejudice,** and removed from the docket of the Court.

---

[1] The ECF numbers herein reference Movant's underlying criminal action, United States v. Peters, Case No. 2:19-cr-00166-01.

1

I.  **Relevant Procedural History**

In 2019, Movant pled guilty to violating 18 U.S.C. § 922(g)(9), which prohibits those convicted of misdemeanor domestic violence from possessing a firearm. (ECF No. 38 at 1). The Court imposed a 60-month sentence on December 13, 2019. (*Id.*). On December 7, 2020, Movant filed the instant § 2255 motion, asserting that his conviction and sentence should be vacated under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because Movant did not know that he was prohibited from possessing a firearm. (ECF No. 38). According to Movant, he believed that his right to possess a firearm was restored along with his voting rights, which were reinstated after he completed probation/parole. (*Id.* at 4, 13). Movant argues that his guilty plea was involuntary because the Court did not advise him that his knowledge of being a prohibited person was an essential element of § 922(g). (*Id.* at 5, 14). Furthermore, Movant contends that the indictment was defective as it did not include the *mens rea* element that Movant knew that he could not possess the firearm. (*Id.* at 6, 14-15).

In response to Movant's claim that the indictment was defective, the government notes that the indictment was returned after *Rehaif* and thus included the required language that "at the time defendant MELVIN PETERS possessed the aforesaid firearm, he knew he had been convicted of a misdemeanor crime of domestic violence." (ECF No. 46 at 3-4); *see* (ECF No. 1). Insofar as Movant argues that he was unaware that he could not lawfully possess a firearm, the government points to Movant's statement during his plea hearing that he knew he had previously been convicted of misdemeanor domestic violence at the time he possessed the firearm. (*Id.* at 9). Finally, regarding Movant's argument that the Court did not advise him of the *mens rea* element of the crime, the government cites the plea hearing transcript in

which the Court specifically told Movant that if he were to proceed to trial the government must prove that he knew that he had been convicted of misdemeanor domestic violence when he possessed the firearm, and Movant responded that he fully understood the elements of the crime and pled guilty to the charge. (*Id.* at 7-8). For those reasons, the government submits that the record very clearly shows that Movant knowingly and voluntarily entered his guilty plea, and the Court should deny the § 2255 motion and dismiss the action from the Court's docket. (*Id.* at 1, 10, 11).

In reply, Movant argues that the fact that he knew that he was convicted of misdemeanor domestic violence does not show that he knew that he was prohibited from possessing a firearm. (ECF No. 54 at 2). Subsequent to filing his § 2255 motion, Movant filed a notice of appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on May 18, 2021, but the appeal was dismissed for failure to prosecute. (ECF Nos. 50, 56, 57).

## II. <u>Standard of Review</u>

A motion made pursuant to 28 U.S.C. § 2255 is a civil collateral attack on a conviction or sentence. *Wall v. Kholi*, 562 U.S. 545, 552-53 (2011). To succeed on such motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; the court imposing the sentence lacked jurisdiction; the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. The burden of proof is upon the movant to establish one of the grounds listed in § 2255 by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Consistent with the Rules Governing Section 2255 Proceedings for the United

States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once those steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a). If the movant is clearly unable to state a claim that entitles him or her to relief, the court may deny the motion without an evidentiary hearing. *Raines,* 423 F.2d at 529. Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### III. Discussion

Movant pled guilty to possession of a firearm by a person convicted of misdemeanor domestic violence in violation of 18 U.S.C. § 922(g)(9). A criminal defendant's guilty plea is only constitutionally valid "to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998). Therefore, before accepting a guilty plea, a district court must conduct a plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure to determine that the defendant comprehends the nature of the charge(s) to which he or she is pleading guilty, the maximum possible penalty that he or she could face, any mandatory minimum penalty for such crime(s), and the rights that he or she relinquishes by pleading guilty. *Hernandez v. United States*, No. 3:14-cr-82-RJC-8, 2018 WL 3381429, at *6 (W.D.N.C. July 11, 2018) (citing Fed. R. Crim. P. 11(b)(1) and *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir.

4

1991)). In addition, the district court must "ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement." *Id.* (citing Fed. R. Crim. P. 11(b)(2), (3)). "An appropriately conducted Rule 11 proceeding raises a strong presumption that the defendant's plea is final and binding and a defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity that presents a formidable barrier in any subsequent collateral proceedings." *United States v. Swinney*, No. 1:13-cr-422 (LMB), 2015 WL 9593651, at *4 (E.D. Va. Dec. 31, 2015) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) and *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)) (internal markings omitted). Accordingly, a § 2255 movant who accepts a plea agreement is bound by the representations that he or she makes under oath during his or her plea colloquy unless he or she presents "clear and convincing evidence" contradicting those representations. *Id.* (quoting *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992)).

Regarding Movant's case, federal law prohibits certain categories of individuals from possessing firearms, including those people who have "been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). In *Rehaif*, the Supreme Court of the United States ("Supreme Court") "clarified the *mens rea* requirement for firearms-possession offenses." *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021). In compliance with *Rehaif*, the prosecution must prove in § 922(g) cases not only that the defendant knowingly possessed a firearm, but also that he or she knowingly belonged to a category of persons listed in § 922(g). *United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020). The Supreme Court's holding in *Rehaif* abrogated the Fourth Circuit's prior precedent that the government was not required

5

to prove the defendant's knowledge that he or she belonged to the applicable category of prohibited persons. *Id.*

However, *Rehaif* does not require the government to prove that the defendant knew he or she was prohibited from possessing a firearm due to his or her inclusion in a particular category of persons. Indeed, the Supreme Court did not "even hint" in *Rehaif* that the government must prove under § 922(g) that a defendant knew that his or her possession of a firearm was unlawful. *See, e.g., United States v. Jackson*, No. CR 3:17-810-CMC, 2021 WL 694848, at *7 (D.S.C. Feb. 23, 2021) (citing *Rehaif*, 139 S. Ct. at 2194). In other words, the defendant must only know that he is a member of the category of persons at issue; his or her knowledge that those particular persons are prohibited from possessing a firearm is irrelevant. It "is not surprising given the well-established general rule a defendant can be convicted of a 'knowing' crime without proof that he or she knew that the conduct was unlawful." *Id.* (citing *Bryan v. United States*, 524 U.S. 184, 192 (1998)). Otherwise, it would graft into § 922(g) "an ignorance-of-the-law defense, which has long been normally reserved for statutes requiring proof of 'willfulness.'" *Id.* (citing *United States v. Gilbert*, 430 F.3d 215, 219 (4th Cir. 2005)). In fact, the Supreme Court addressed in *Rehaif* the well-known maxim that ignorance of the law is no excuse, and the Supreme Court made clear that its holding did not interfere with the maxim's normal operation. *Id.* (citing *Rehaif*, 139 S. Ct. at 2198).

With those principles in mind, the government was only required to prove in Movant's case that he knowingly possessed a firearm at the same time that he knew that he had a prior misdemeanor domestic violence conviction. The government was not obligated to establish that Movant knew that his domestic violence conviction prohibited him from possessing a firearm. Movant does not dispute his knowledge of

his prior misdemeanor domestic violence conviction at the time he possessed a firearm, and it is well-supported by the record. Movant was indicted after *Rehaif*. Thus, the indictment specifically charged that at the time that Movant possessed the firearm in question he knew that he had been convicted of misdemeanor domestic violence. (ECF No. 1). In addition, during the plea hearing, the Court explained the elements of the crime to which Movant was pleading guilty, and Movant explicitly confirmed that he understood the elements and knew at the time that he possessed the firearm that he was previously convicted of misdemeanor domestic violence. (ECF No. 45 at 4, 6-8, 21). On that basis, the Court accepted Movant's guilty plea. (*Id.* at 26).

Given these facts, Movant very clearly knew that he was in the category of persons convicted of misdemeanor domestic violence, which satisfied *Rehaif*. His ignorance of the legal implication of his domestic violence conviction is not grounds to vacate his § 922(g) conviction. As Movant fails to show by a preponderance of the evidence that his indictment was flawed or that his plea was involuntary, the undersigned **FINDS** that Movant fails to establish any grounds under § 2255, and his motion should be denied.

IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 38), be **DENIED,** and that this civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver,

7

Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: January 4, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge